IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JEFF LOWERY and LISA LOWERY, RANDY GILES, and MICHAEL KELLEY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **CIVIL ACTION NO. 3:05cv570** |
| JEFFERSON COUNTY BOARD OF EDUCATION, DOUG MOODY, individually, and GREG SHARPE, individually and in his official capacity as a member of the Jefferson County Board of Education, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

---

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 1
(ELEMENTS FOR CIVIL RIGHTS VIOLATION)**

---

Come now Plaintiffs, by counsel, and request the Court to give the following special instructions to the jury at the close of trial:

To prevail in this case, Plaintiffs must establish two things: 1) that a person acting under color of state law 2) deprived him or her of a right secured by the Constitution or laws of the United States. Waters v. City of Morristown, 242 F.3d 353, 358-59 (6th Cir. 2001). The phrase "acting under color of state law" simply means that the individual defendant was employed by a governmental entity or acting under authority of a governmental entity. West v. Adkins, 487 U.S. 42, 49 (1988). Here, Defendants have admitted that both Mr. Moody and Mr. Sharpe were "acting under color of state law" because Mr. Moody was employed by the Jefferson County School Board and Mr. Sharpe was the Chairman of the School Board. Therefore, Plaintiffs have met the first element. Secondly, Plaintiffs must establish that he or she was deprived of a right

secured by the Constitution. In this case, the constitutional right at issue is Plaintiffs' right of freedom of speech under the First Amendment.

Where a governmental entity establishes a limited public forum at which parents and other citizens are permitted to express their views, individuals have a First Amendment right to speak to the Board. In this case, Plaintiffs claim that Mr. Moody and Mr. Sharpe violated Plaintiffs' First Amendment rights by forbidding Mrs. Lowery or her representative from speaking at the public forum segment of the December 8, 2005 meeting of the Board. Plaintiffs assert that, by not even allowing Mrs. Lowery or her representative (Mr. Kelley) from speaking at all on December 8, Defendants engaged in what is called a "prior restraint" of Plaintiff's free speech rights. You must determine whether Plaintiffs' First Amendment rights were violated by Defendants' conduct.

DATED this 21st day of March, 2007.

Respectfully submitted,

s/Michael S. Kelley
Michael S. Kelley (BPR # 14378)
Matthew M. Scoggins III (BPR #23126)
BASS, BERRY & SIMS PLC
1700 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
(865) 521-6200

Martin B. Bailey (BPR #15370)
WAGNER, MYERS & SANGER, P.C.
1801 First Tennessee Plaza
P. O. Box 1308
Knoxville, Tennessee 37901-1308
(865) 525-4600

*Attorneys for Plaintiffs*

2

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been filed electronically this 21st day of March, 2007. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/Michael S. Kelley

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

JEFF LOWERY and LISA LOWERY, RANDY )
GILES, and MICHAEL KELLEY, )
                                         )
               **Plaintiffs,**           )
                                         )
**v.**                                      )   **CIVIL ACTION NO. 3:05cv570**
                                       )
**JEFFERSON COUNTY BOARD OF** )
**EDUCATION, DOUG MOODY, individually, and** )
**GREG SHARPE, individually and in his official** )
**capacity as a member of the Jefferson County** )
**Board of Education,** )
                                       )
                                       )
               **Defendants.**          )

---

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 2
### (FIRST AMENDMENT)

---

Come now Plaintiffs, by counsel, and request the Court to give the following special instructions to the jury at the close of trial:

The First Amendment to the United States Constitution gives persons a right to freedom of speech and to petition the government for redress of grievances. Along with the right to a fair trial, the right of free speech has been called "one of the most cherished policies of our civilization." Bridges v. California, 314 U.S. 252, 260 (1941). For purposes of Plaintiffs' rights to freedom of speech, it does not matter whether the speech may be offensive to some listeners. Tinker v. Des Moines Independent School District, 393 U.S. 503, 508 (1969), Sypniewski v. Warren Hills Reg'l Bd. of Educ., 307 F.2d 243, 265 (3d Cir. 2002), Saxe v. State College Area Sch. Dist., 240 F.3d 200, 206 (3d Cir. 2001), Brandenburg v. Ohio, 395 U. S. 444 (1969)). "[P]'rotecting expression that gives rise to ill will – and nothing more – is at the core of the First

Amendment," and the "mere fact that expressive activity causes hurt feelings, offense, or resentment does not render the expression unprotected." Saxe, 240 F.3d at 206. "[I]n our system, undifferentiated fear or apprehension of disturbance is not enough to overcome the right to freedom of expression." Tinker, 393 U.S. at 508.

In addition, in a designated public forum, the government may not deny access to a speaker solely because of his viewpoint. In fact, "[w]hen the government targets not subject matter, but particular views taken by speakers on a subject, the violation of the First Amendment is all the more blatant." Viewpoint discrimination is thus an egregious form of content discrimination. Cornelius v. NAACP Legal Defense & Educ. Funds, Inc., 473 U.S. 788, 806 (1985), Rosenberger v. Rector and Visitors of the Univ. of Va., 515 U.S. 819, 829 (1995), Putnam Pit, Inc. v. City of Cookeville, 221 F.3d 834, 845 (6th Cir. 2000).

DATED this 21st day of March, 2007.

Respectfully submitted,

s/Michael S. Kelley
Michael S. Kelley (BPR # 14378)
Matthew M. Scoggins III (BPR #23126)
BASS, BERRY & SIMS PLC
1700 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
(865) 521-6200

Martin B. Bailey (BPR #15370)
WAGNER, MYERS & SANGER, P.C.
1801 First Tennessee Plaza
P. O. Box 1308
Knoxville, Tennessee 37901-1308
(865) 525-4600

*Attorneys for Plaintiffs*

2

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been filed electronically this 21st day of March, 2007. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/Michael S. Kelley

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JEFF LOWERY and LISA LOWERY, RANDY GILES, and MICHAEL KELLEY,<br><br>               **Plaintiffs,**<br><br>v.<br><br>**JEFFERSON COUNTY BOARD OF EDUCATION, DOUG MOODY, individually, and GREG SHARPE, individually and in his official capacity as a member of the Jefferson County Board of Education,**<br><br>               **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)  **CIVIL ACTION NO. 3:05cv570**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

---

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 3
(PUBLIC FORUM)**

---

Come now Plaintiffs, by counsel, and request the Court to give the following special instructions to the jury at the close of trial:

In a designated public forum, the government intentionally opens public property for expressive activity or public discourse. Cornelius v. NAACP Legal Defense & Educ. Funds, Inc., 473 U.S. 788, 802 (1985), Perry Education Ass'n v. Perry Local Educators' Ass'n, 460 U.S. 37, 45 (1983), Putnam Pit, Inc. v. City of Cookeville, 221 F.3d 834, 843 (6th Cir. 2000). Where the government has opened up public property as a place for expressive activity, the Constitution forbids the government from enforcing certain exclusions.

Here, you must determine whether the School Board established a designated public forum through Policy No. 1.404 and its implementation.

DATED this 21st day of March, 2007.

Respectfully submitted,

s/Michael S. Kelley
Michael S. Kelley (BPR # 14378)
Matthew M. Scoggins III (BPR #23126)
BASS, BERRY & SIMS PLC
1700 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
(865) 521-6200

Martin B. Bailey (BPR #15370)
WAGNER, MYERS & SANGER, P.C.
1801 First Tennessee Plaza
P. O. Box 1308
Knoxville, Tennessee 37901-1308
(865) 525-4600

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been filed electronically this 21st day of March, 2007. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/Michael S. Kelley

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

JEFF LOWERY and LISA LOWERY, RANDY GILES, and MICHAEL KELLEY,

          **Plaintiffs,**

v.

JEFFERSON COUNTY BOARD OF EDUCATION, DOUG MOODY, individually, and GREG SHARPE, individually and in his official capacity as a member of the Jefferson County Board of Education,

          **Defendants.**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CIVIL ACTION NO. 3:05cv570**

---

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 4
## (PRIOR RESTRAINT)

---

In this case, Plaintiffs assert that Defendants engaged in a prior restraint of their rights to freedom of speech under the First Amendment. "The term prior restraint is used to describe administrative and judicial orders *forbidding* certain communications when issued in advance of the time that such communications are to occur." Alexander v. United States, 509 U.S. 544, 550 (1993). "[P]rior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights." Tory v. Cochran, 544 U.S. 734, 738 (2005)(quoting Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 559 (1976)). "It is always difficult to know in advance what an individual will say, and the line between legitimate and illegitimate speech is often so finely drawn that the risks of freewheeling censorship are formidable." Southeastern Promotions, Ltd. v. Conrad, 420 U.S. 596, 559 (1975).

As a result, any prior restraint on speech bears a heavy presumption against its constitutional validity. Southeastern Promotions, 420 U.S. at 559, Bantam Books, Inc. v. Sullivan, 372 U.S. 58, 70 (1963), CBS Inc. v. Young, 522 F.2d 234, 238 (6th Cir. 1975). "The government carries a heavy burden of showing a justification for its imposition." Organization for a Better Austin v. Keefe, 402 U.S. 415, 419 (1971), CBS Inc., 522 F.2d at 238. In fact, to justify the imposition of a prior restraint, "the activity restrained must pose a clear and present dangerous threat to a protected competing interest." Wood v. Georgia, 370 U.S. 375, 384 (1962), CBS Inc., 522 F.2d at 238. In addition, the restraint must be narrowly drawn, and it cannot be upheld if there are reasonable alternatives having a lesser impact on Plaintiffs' First Amendment freedoms. CBS Inc., 522 F.2d at 238.

Here, Defendants argue that they were permitted to forbid Mrs. Lowery or her representative from speaking because they believed it would be harassing or repetitive. Because Defendants' action constituted a prior restraint on Plaintiffs' rights under the First Amendment, you must find for Plaintiffs unless you find that Defendants have met their burden of showing that the speech posed clear and present dangerous threat to a competing interest and that no other reasonable alternatives were available. If you find that Defendants have met this burden, then you must find for Defendants.

DATED this 21st day of March, 2007.

Respectfully submitted,

s/Michael S. Kelley
Michael S. Kelley (BPR # 14378)
Matthew M. Scoggins III (BPR #23126)
BASS, BERRY & SIMS PLC
1700 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
(865) 521-6200

2

Martin B. Bailey (BPR #15370)
WAGNER, MYERS & SANGER, P.C.
1801 First Tennessee Plaza
P. O. Box 1308
Knoxville, Tennessee 37901-1308
(865) 525-4600

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been filed electronically this

21st day of March, 2007. Notice of this filing will be sent by operation of the Court's electronic

filing system to all parties indicated on the electronic filing receipt. All other parties will be

served by regular U.S. mail. Parties may access this filing through the Court's electronic filing

system.

s/Michael S. Kelley

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

JEFF LOWERY and LISA LOWERY, RANDY )
GILES, and MICHAEL KELLEY, )
                            )
            **Plaintiffs,** )
                            )
**v.** )    **CIVIL ACTION NO. 3:05cv570**
                            )
JEFFERSON  COUNTY  BOARD  OF )
EDUCATION, DOUG MOODY, individually, and )
GREG SHARPE, individually and in his official )
capacity as a member of the Jefferson County )
Board of Education, )
                            )
                            )
           **Defendants.** )

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 5
### (LIABILITY OF THE SCHOOL BOARD)

Come now Plaintiffs, by counsel, and request the Court to give the following special instructions to the jury at the close of trial:

In addition to asserting that Mr. Moody and Mr. Sharpe violated their free speech rights, Plaintiffs have asserted that the Jefferson County Board of Education is liable for the violation. Under federal law, the Board will be liable for the unconstitutional acts of its representative if "the decision-maker possesses final authority to establish municipal policy with respect to the action ordered." Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986), St. Louis v. Praprotnik, 485 U. S. 112, 123 (1988). Therefore, you must determine whether Mr. Moody or Mr. Sharpe, individually or together, were the final decision-makers in prohibiting Mrs. Lowery or her representative from appearing before the School Board on December 10, 2005. If you find

that, as Policy No. 1.404 has been applied, Mr. Moody or Mr. Sharpe, individually or together, was the final decision-maker, you are to note this on the Jury Verdict Form.

DATED this 21st day of March, 2007.

Respectfully submitted,

s/Michael S. Kelley
Michael S. Kelley (BPR # 14378)
Matthew M. Scoggins III (BPR #23126)
BASS, BERRY & SIMS PLC
1700 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
(865) 521-6200

Martin B. Bailey (BPR #15370)
WAGNER, MYERS & SANGER, P.C.
1801 First Tennessee Plaza
P. O. Box 1308
Knoxville, Tennessee 37901-1308
(865) 525-4600

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been filed electronically this 21st day of March, 2007. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/Michael S. Kelley

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

JEFF LOWERY and LISA LOWERY, RANDY )
GILES, and MICHAEL KELLEY, )
 )
   Plaintiffs, )
 )
v. ) **CIVIL ACTION NO. 3:05cv570**
 )
JEFFERSON COUNTY BOARD OF )
EDUCATION, DOUG MOODY, individually, and )
GREG SHARPE, individually and in his official )
capacity as a member of the Jefferson County )
Board of Education, )
 )
 )
   Defendants. )

---

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 6
### (COMPENSATORY DAMAGES)

---

Come now Plaintiffs, by counsel, and request the Court to give the following special instructions to the jury at the close of trial.

If you find in favor of any of the Plaintiffs, then you must determine the amount of money that will fairly compensate him or her for any injury that you find he or she sustained as a direct result of Defendants' failure to permit that Plaintiff to speak at the December 8, 2005, Board meeting. These are called "compensatory damages".

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure. You should consider the following types of compensatory damages, and no others.

The physical and mental/emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he or she has sustained.

SEVENTH CIRCUIT CIVIL PATTERN JURY INSTRUCTIONS (SECTION 7.23 DAMAGES: COMPENSATORY)

DATED this 21st day of March, 2007.

Respectfully submitted,

s/Michael S. Kelley
Michael S. Kelley (BPR # 14378)
Matthew M. Scoggins III (BPR #23126)
BASS, BERRY & SIMS PLC
1700 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
(865) 521-6200

Martin B. Bailey (BPR #15370)
WAGNER, MYERS & SANGER, P.C.
1801 First Tennessee Plaza
P. O. Box 1308
Knoxville, Tennessee 37901-1308
(865) 525-4600

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been filed electronically this 21st day of March, 2007. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/Michael S. Kelley

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | |
|---|---|
| JEFF LOWERY and LISA LOWERY, RANDY GILES, and MICHAEL KELLEY,<br><br>Plaintiffs,<br><br>v.<br><br>JEFFERSON COUNTY BOARD OF EDUCATION, DOUG MOODY, individually, and GREG SHARPE, individually and in his official capacity as a member of the Jefferson County Board of Education,<br><br>Defendants. | ) ) ) ) ) ) ) CIVIL ACTION NO. 3:05cv570 ) ) ) ) ) ) ) ) ) ) |

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 7
### (NOMINAL DAMAGES)

Come now Plaintiffs, by counsel, and request the Court to give the following special instructions to the jury at the close of trial.

If you return a verdict for Plaintiffs, but Plaintiffs have failed to prove compensatory damages, then you must award nominal damages of $ 1.00. A person whose federal rights were violated is entitled to a recognition of that violation, even if he or she suffered no actual injury. Nominal damages are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred. However, if you find actual injury for any Plaintiff, you must award compensatory damages (as I instructed you), rather than nominal damages for that Plaintiff. Because there are multiple Plaintiffs, you may find that one or more Plaintiffs have suffered compensatory damages but that other Plaintiffs are only entitled to nominal damages.

DATED this 21st day of March, 2007.

Respectfully submitted,

s/Michael S. Kelley
Michael S. Kelley (BPR # 14378)
Matthew M. Scoggins III (BPR #23126)
BASS, BERRY & SIMS PLC
1700 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
(865) 521-6200

Martin B. Bailey (BPR #15370)
WAGNER, MYERS & SANGER, P.C.
1801 First Tennessee Plaza
P. O. Box 1308
Knoxville, Tennessee 37901-1308
(865) 525-4600

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been filed electronically this 21st day of March, 2007. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/Michael S. Kelley

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JEFF LOWERY and LISA LOWERY, RANDY GILES, and MICHAEL KELLEY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 3:05cv570 |
| JEFFERSON COUNTY BOARD OF EDUCATION, DOUG MOODY, individually, and GREG SHARPE, individually and in his official capacity as a member of the Jefferson County Board of Education, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 8
### (PUNITIVE DAMAGES)

Come now Plaintiffs, by counsel, and request the Court to give the following special instructions to the jury at the close of trial.

In addition to compensatory or nominal damages, you may consider awarding Plaintiffs punitive damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future. Where appropriate, the jury may award punitive damages even if the plaintiff suffered no actual injury and so receives nominal rather than compensatory damages.

You may only award punitive damages if you find that a defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of the plaintiff. Smith v. Wade, 461 U.S. 30, 56 (1983). In this case there are two individual defendants, Mr. Moody and Mr. Sharpe. You must make a separate

determination whether each defendant acted with evil motive or intent, or with reckless or callous indifference to Plaintiffs' right to freedom of speech. In addition, "[t]he standard for punitive damages in a federal civil rights action is based on the defendant's state of mind and does not require egregious or outrageous behavior. Preferred Props., Inc. v. Indian River Estates, Inc., 276 F.3rd 790, 799 (6th Cir.), *cert. denied*, 536 U.S. 959 (2002), Brown v. Brown, 46 Fed. Appx. 324, 325 (6th Cir. 2002). Punitive damages may not be awarded against the Board.

If you find that it is more likely than not that a particular defendant was motivated by evil motive or intent, or acted recklessly or with callous indifference to Plaintiffs' rights, then you may award punitive damages against that defendant. However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. I will now discuss some considerations that should guide your exercise of this discretion. But remember that you cannot award punitive damages unless you have found that the defendant in question acted with evil motive or intent, or acted recklessly or with callous indifference to Plaintiffs' free speech rights.

First, you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a violation of federal rights, or to deter the defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish defendant. You should also consider whether actual damages standing alone are sufficient to deter or prevent defendant from again performing any wrongful acts he may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter other persons from performing wrongful acts similar to those defendant may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which defendant should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter defendant or others from committing similar wrongful acts in the future.

In considering the purposes of punishment and deterrence, you should consider the nature of the defendant's action. For example, you are entitled to consider whether the defendant acted in a deliberately deceptive manner. You should also consider the amount of harm actually caused by the defendant's act, as well as the harm the defendant's act could have caused and the harm that could result if such acts are not deterred in the future.

The extent to which a particular amount of money will adequately punish a defendant, and the extent to which a particular amount will adequately deter or prevent future misconduct, may depend upon the defendant's financial resources. Therefore, if you find that punitive damages should be awarded against defendant, you may consider the financial resources of defendant in fixing the amount of such damages.

THIRD CIRCUIT CIVIL PATTERN JURY INSTRUCTIONS (SECTION 4.8.3, § 1983 – DAMAGES – PUNITIVE DAMAGES) Smith v. Wade, 461 U.S. 30, 56 (1983), Preferred Props., Inc. v. Indian River Estates, Inc., 276 F.3rd 790, 799 (6th Cir.), *cert. denied*, 536 U.S. 959 (2002), Brown v. Brown, 46 Fed. Appx. 324, 325 (6th Cir. 2002)

DATED this 21st day of March, 2007.

Respectfully submitted,

s/Michael S. Kelley
Michael S. Kelley (BPR # 14378)
Matthew M. Scoggins III (BPR #23126)
BASS, BERRY & SIMS PLC
1700 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
(865) 521-6200

Martin B. Bailey (BPR #15370)
WAGNER, MYERS & SANGER, P.C.
1801 First Tennessee Plaza
P. O. Box 1308
Knoxville, Tennessee 37901-1308
(865) 525-4600

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been filed electronically this 21st day of March, 2007. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/Michael S. Kelley