UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JEFF LOWERY and LISA LOWERY, | ) | |
| RANDY GILES, and MICHAEL KELLEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:05-cv-570 |
| | ) | (Phillips/Shirley) |
| JEFFERSON COUNTY BOARD OF | ) | |
| EDUCATION, DOUG MOODY, individually, | ) | |
| and GREG SHARPE, individually and in his | ) | |
| official capacity as a member of the Jefferson | ) | |
| County Board of Education, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Docs. 36, 51] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of the Motion to Disqualify Plaintiff Michael Kelley and Bass, Berry & Sims, PLC From Representing the Plaintiffs [Doc. 32] and the Motion for Protective Order [Doc. 49] filed by the defendant Jefferson County Board of Education. The Court held a hearing on these motions on March 15, 2007.

### I. Motion for Protective Order

The defendant Jefferson County Board of Education ("Board") moves the Court for a protective order to prevent the plaintiffs from seeking discovery regarding Lowery v. Euverard,

No. 3:05-cv-560, based on the Order for a stay of discovery entered by the Court in that case pending the resolution of an appeal to the Sixth Circuit. [Doc. 49].

In their response [Doc. 56], the plaintiffs advise that they have agreed to withdraw the two specific requests which seek information regarding the <u>Lowery v. Euverard</u> case. Accordingly, the Court finds that the defendants have obtained the relief and protection that they seek, and that there is nothing further to be resolved relative to this motion. Therefore, the Motion for Protective Order [Doc. 49] is **DENIED AS MOOT**.

## II. Motion to Disqualify

The Board moves the Court for an Order disqualifying Michael Kelly, who is participating in this case both as a plaintiff and as an attorney for the other plaintiffs, and his firm, Bass, Berry & Sims, PLC ("Bass, Berry & Sims") from representing the plaintiffs in this matter pursuant to Tenn. Sup. Ct. R. 8, RPC 3.7. [Doc. 32]. For grounds, the Board argues that Mr. Kelley will be called as a witness in this matter and that his exercise of professional judgment on behalf of the other plaintiffs will be affected by his own personal interest in the litigation and the interest of his firm.

The plaintiffs oppose the Board's motion, arguing that they have retained attorney Martin Bailey to serve as trial counsel in this matter in place of Mr. Kelley. The plaintiffs further argue that, under the ethics rules, Bass Berry and its attorneys are not disqualified from representing the plaintiffs merely by virtue of Mr. Kelley's serving as a witness at trial. [Doc. 55].

Rule 3.7 of the Rules of Professional Conduct states as follows:

(a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness except where:

  (1) the testimony relates to an uncontested issue;

  (2) the testimony relates to the nature and value of legal services rendered in the case;

  (3) disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer may act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

Tenn. Sup. Ct. R. 8, RPC 3.7. Pursuant to this rule, Mr. Kelley would be precluded from acting as an advocate at trial because he will be a necessary witness. However, this point is rendered moot by the fact that the plaintiffs have retained Mr. Bailey to represent them at trial.

With regard to the disqualification of Bass, Berry & Sims, the Board argues that the other attorneys in the firm are also disqualified under Rule 3.7. However, the rule provides that a lawyer may act as an advocate at a trial in which another lawyer in the firm is likely to be called as a witness unless precluded from doing so by Rules of Professional Conduct 1.7 or 1.9. Because the only preclusion noted in the rules are Rule 1.7 or Rule 1.9, and because all parties agree that there has been no conflict shown under those rules, the Court finds that Rule 3.7 of the Rules of Professional Conduct does not preclude the firm of Bass, Berry & Sims from continuing to represent

the plaintiffs at trial.  Accordingly, the Motion to Disqualify Plaintiff Michael Kelley and Bass, Berry & Sims, PLC From Representing the Plaintiffs [Doc. 32] is **DENIED**.

**IT IS SO ORDERED.**

**ENTER:**

　　s/ C. Clifford Shirley, Jr.　
United States Magistrate Judge