UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JEFF LOWERY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:05-CV-570 |
| ) | (Phillips) |
| JEFFERSON COUNTY BOARD OF EDUCATION, ) | |
| Et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the court on defendants' motion to quash subpoena issued for attorney Charles W. Cagle for the purpose of providing testimony at the trial of this case [Doc. 92]. In support of the motion, defendants state that Mr. Cagle is one of the designated attorneys in the record of this matter. As such, any information he has would be subject to attorney-client communication privilege and attorney-work product doctrine. In addition, Mr. Cagle resides in Nashville, Tennessee, which is more than 100 miles distant from Knoxville. Therefore, defendants move for an order quashing the subpoena issued to Mr. Cagle.

Federal Rule of Civil Procedure 45(c)(3)(B)(iii) authorizes the court to quash a subpoena if it would require a party to travel more than 100 miles to attend the trial. Additionally, Rule 45 provides that if the party in whose benefit the subpoena is issued shows that the testimony cannot be otherwise obtained and that there is a substantial need for the testimony, then the court can compel the witness to attend trial, subject to reasonable compensation. However, if there is no substantial need for the testimony from the subpoenaed witness and the witness' testimony is merely cumulative of that which can be obtained otherwise, the court should not compel the witness to testify and the subpoena should be quashed.

Mr. Cagle is one of the attorneys designated as trial counsel in this case and this raises issues whether any information he has would be subject to attorney-client communication privilege and attorney-work product doctrine. These issues have been raised in the defendants' motion for protective order [Doc. 90] which will be addressed by the court at 8:30 a.m. prior to the commencement of the trial of this matter on April 5, 2007. Based upon the record in this case, it does not appear that the information sought from Mr. Cagle would be admissible at trial. Accordingly, defendants' motion to quash subpoena [Doc. 92] is hereby **GRANTED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge